Stevan R. Baxter, #12027
Stephen M. Bigham, #11060
Benjamin Jensen, #18428
SKOUBYE NIELSON & JOHANSEN, LLC
999 East Murray Holladay Road, Suite 200
Salt Lake City, Utah 84117
Telephone: (801) 365-1030
Facsimile: (801) 365-1031
Email: stevan@snjlegal.com
Email: stephen@snjlegal.com
Email: ben@snjlegal.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ENVIRONMENTAL SEEDS WEST LLC dba GRANITE SEED COMPANY, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>YRC INC. dba YRC FREIGHT, a Kansas Corporation,<br><br>Defendant. | **COMPLAINT**<br><br>Civil No. 2:23-cv-00107HCN<br><br>Judge Howard C. Nielson, Jr. |

Plaintiff Environmental Seeds West LLC doing business as Granite Seed Company ("Plaintiff"), by and through its counsel, the law firm Skoubye Nielson & Johansen, LLC, as and for its complaint against Defendant YRC Inc. doing business as YRC Freight ("Defendant"), alleges and states as follows:

## THE PARTIES

1. Plaintiff was and remains a California limited liability company and is registered to do business in the state of Utah with facilities in Lehi, Utah.

2. Defendant was and remains a business corporation organized and existing under the laws of the state of Kansas with its headquarters located in Overland Park, Kansas.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over the First Cause of Action of this matter pursuant to 28 U.S.C. §1337(a), because this action involves the liability of a motor carrier under 49 U.S.C. § 14706 and the amount in controversy exceeds $10,000, exclusive of interest and costs. This court has supplemental jurisdiction over the Second Cause of Action pursuant to 28 U.S.C. § 1367 because it is part of the same case or controversy.

4. Venue is proper in the court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted occurred in this district.

## GENERAL ALLEGATIONS

5. On October 20, 2022, Plaintiff prepared a custom seed blend order weighing 3965 pounds (the "Cargo") with a contract price of $30,553.18, in fulfillment of an order placed by its customer Comstock Seed, located in Gardnerville, Nevada. **Exhibit A**.

6. Plaintiff contracted with ArcBest II, Inc., an authorized freight forwarder to negotiate, coordinate and arrange for the transportation of the Cargo from its facility in Lehi, Utah to Comstock Seed in Gardnerville, Nevada.

7. ArcBest II, Inc. selected and negotiated with Defendant, a federally licensed motor carrier authorized to engage in the transportation of property by motor vehicle as a common carrier

in interstate or foreign commerce under motor carrier number MC-2202, to transport the Cargo by motor vehicle from Lehi, Utah to Gardnerville, Nevada for a fee of $492.26.

8. The distance between Lehi, Utah and Gardnerville, Nevada is approximately 532 miles with a customary transit time by motor carrier of one day.

9. To facilitate the transportation of the Cargo, ArcBest II, Inc. issued a bill of lading ("BOL"). **Exhibit B.**

10. On October 20, 2022, Plaintiff signed and dated the BOL certifying that the Cargo was properly classified, described, packaged, marked and labeled and was in good and proper condition for transportation in accordance with U.S. Department of Transportation regulations.

11. On October 21, 2022, Defendant arrived at Plaintiff's facility in Lehi, Utah and took physical possession of the Cargo and signed the BOL acknowledging its receipt of the Cargo and the condition of the Cargo. Defendant then began transporting the Cargo to its destination in Gardnerville, Nevada.

12. At the time Defendant took physical possession of the Cargo from Plaintiff, the Cargo was in good condition and packaged and shrink-wrapped on three (3) pallets.

13. The usual and customary length of time for freight to travel by motor carrier between Lehi, Utah and Gardnerville, Nevada is one day.

14. The Cargo was expected to be delivered to Comstock Seed in Gardnerville, Nevada on or before October 24, 2022.

15. On October 31, 2022, Comstock Seed notified Plaintiff that the Cargo had not arrived**.**

16. On October 31, 2022, Plaintiff contacted Defendant regarding the status of the Cargo and Defendant informed Plaintiff that it was unable to locate the Cargo.

17. On November 7, 2022, Plaintiff again contacted Defendant regarding the status of the Cargo, but Defendant was still unable to locate the Cargo.

18. On November 8, 2022, Plaintiff manufactured and shipped a second order of custom seed blend ("Replacement Cargo") to its customer Comstock Seed because the Cargo had not been delivered.

19. On November 11, 2022—three weeks after Defendant took physical possession of the Cargo and began the one-day journey from Lehi, Utah to Gardnerville, Nevada—the Cargo finally arrived at its destination.

20. Upon arrival the Cargo was severely damaged. The Cargo was no longer encased in shrink-wrap, the pallets were broken and some of the bags containing the custom seed were torn open and patched with tape.

21. The Cargo could not be used by Comstock Seed and could not be resold because it was a custom blend.

22. On November 23, 2022, Plaintiff timely filed a written claim with Defendant pursuant to the terms of BOL. **Exhibit C**.

23. Defendant has not responded to the written claim.

### FIRST CAUSE OF ACTION
**(Carmack Liability)**

24. Plaintiff repeats and realleges the preceding paragraphs as if each was fully set forth herein.

25. At all times relevant, Defendant was either the originating or receiving motor carrier, the delivering motor carrier, or another carrier over whose line or route the Cargo was transported within the meaning of the Carmack Amendment, 49 U.S.C. § 14706.

26. On October 21, 2022, Defendant signed the BOL acknowledging its receipt of the Cargo in good condition.

27. The Cargo was damaged while it was in Defendant's possession, care, custody or control.

28. Under 49 U.S.C. § 14706 Defendant is liable to Plaintiff for its actual damages resulting from the loss or damage to the Cargo Defendant caused.

29. Plaintiff has suffered damages in the amount of $31,045.44 because of Defendant's actions and/or inactions.

30. Defendant is liable to Plaintiff for damages in the principal amount of $31,045.44 plus interest at a rate of 18 percent per annum, costs, including attorney fees pursuant to 49 U.S.C. § 14706, and disbursements.

31. Plaintiff is entitled to a judgment against Defendant in the principal amount of $31,045.44, plus interest at a rate of 18 percent per annum, costs, including attorney fees pursuant to 49 U.S.C. § 14706, and disbursements.

## SECOND CAUSE OF ACTION
### (Breach of Contract—Reasonable Dispatch)

32. Plaintiff repeats and realleges the preceding paragraphs as if each was fully set forth herein.

33. Defendant owed a duty to Plaintiff to transport the Cargo with reasonable dispatch and without undue delay.

34. Reasonable dispatch means such time as is necessary to conveniently transport and make delivery of the shipment in the ordinary course of business, in light of the circumstances and conditions surrounding the transaction.

35. The usual and customary length of time for freight to travel by motor carrier between Lehi, Utah and Gardnerville, Nevada is one day.

36. On October 21, 2022 Defendant took physical possession of the Cargo acknowledging it was in good condition and then began transporting the Cargo from Lehi, Utah to Gardnerville, Nevada.

37. The Cargo was expected to arrive on or before October 24, 2022.

38. On November 11, 2022—18 days after Defendant took physical possession of the Cargo—the Cargo finally arrived damaged.

39. Plaintiff has suffered damages in the amount of $31,045.44 because of Defendant's actions.

40. Defendant is liable to Plaintiff for damages in the principal amount of $31,045.44, plus interest at a rate of 18 percent per annum, costs, including attorney fees, and disbursements.

41. Plaintiff is entitled to a judgment against Defendant in the principal amount of $31,045.44, plus interest at a rate of 18 percent per annum, costs, including attorney fees, and disbursements.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Environmental Seeds West LLC dba Granite Seed Company respectfully requests that the court enter judgment in its favor and against Defendant YRC Inc. dba YRC Freight as follows:

1. On Plaintiff's First Cause of Action, in the principal amount of $31,045.44, plus pre-and post-judgment interest at the rate of 18 percent per annum, plus attorney fees and costs pursuant to the 49 U.S.C. § 14704(e).

2. On Plaintiff's Second Cause of Action, in the principal amount of $31,045.44, plus pre-and post-judgment interest at the rate of 18 percent per annum, plus attorney fees and costs pursuant to the 49 U.S.C. § 14704(e).

3. For an order authorizing the judgment to be augmented to include the reasonable attorney fees and costs Plaintiff incurs in obtaining, collecting, preserving, and otherwise enforcing the judgment against Defendant YRC, Inc. dba YRC Freight.

4. For such other and further relief the Court deems just.

DATED this 13th day of February 2023.

        SKOUBYE NIELSON & JOHANSEN, LLC

        By: /s/ *Benjamin Jensen*
            Stevan R. Baxter
            Stephen M. Bigham
            Benjamin Jensen
            *Attorneys for Plaintiff*